# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| JEAN CARLOS VEGA-ARIZMENDI, et al., ) | Criminal No. 2016-0009 |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jean Carlos Vega-Arizmendi*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on a "Cautionary 404(b) Notice" filed by the United States on March 3, 2018 (Dkt. No. 1235) and an Objection to that Notice, filed by Defendant Jean Carlos Vega-Arizmendi on March 8, 2018. (Dkt. No. 1242). In its Notice, the Government advised that it intends to offer evidence at trial that:

> Around June 2015, Jean Cruz and others successfully obtained a load of 75 kilograms of cocaine. Defendant Jean Vega-Arizmendi stayed behind in Culebra and was paid $100 to be a look out when the boat with the cocaine came into Culebra.

(Dkt. No. 1235 at 1).

The Government asserts that the source of this evidence is Jean Carlos Vega-Arizmendi's post-arrest statement, which it submitted in discovery prior to the first trial in this matter. It claims that the statement directly proves the charged conspiracy in this matter and is thus intrinsic evidence. *Id.* However, "out of caution," the Government also argues that the statement is relevant

to prove Defendant's intent, knowledge, and absence of mistake with respect to the December 2014, May 2015, and June 2015 events in which Jean Carlos Vega-Arizmendi is alleged to have participated. *Id.*

Jean Carlos Vega-Arizmendi filed an "Objection to the Government's Cautionary 404(b) Notice," arguing: (1) the proposed evidence is not related to the conspiracy, as there is no corroborating evidence that this event occurred; (2) the proposed evidence does not satisfy the elements of 404(b)(2) (intent, knowledge, absence of mistake); (3) the evidence is prejudicial under Rule 403; and (4) the Government's motion is unreasonably delayed. (Dkt. No. 1242). The Government filed a Response on March 23, 2018. (Dkt. No. 1303).

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). "Evidence of other crimes and bad acts" is often divided into "two categories: those 'extrinsic' to the charged offense, and those 'intrinsic' to it." *United States v. Green,* 617 F.3d 233, 245 (3d Cir. 2010). What is considered "intrinsic" is to be understood narrowly. "Evidence is only intrinsic if it 'directly proves the charged offense' or if it is an 'uncharged act[ ] performed contemporaneously with the charged crime . . . [and committed to] facilitate the commission of the charged crime.'" *United States v. Johnson,* 578 F. App'x 150, 156 (3d Cir. 2014) (quoting *Green,* 617 F.3d at 249). "Rule 404(b) . . . does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense." *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999). Courts exempt intrinsic evidence from Rule 404(b) "on the theory that there is no 'other' wrongful conduct at issue" and thus "the evidence is admissible as part and parcel of the charged offense." *Green,* 617 F.3d at

245. "[E]vidence of other crimes and bad acts" that falls outside the scope of narrowly defined "intrinsic" evidence is deemed extrinsic and must be analyzed under Rule 404(b). *Id.* at 248-49.[1]

The question presented is whether Jean Carlos Vega-Arizmendi's alleged involvement as a lookout in June 2015 is intrinsic evidence, such that it may be admitted without adhering to Rule 404(b)'s requirements, or whether it is extrinsic evidence that can be admitted only pursuant to a Rule 404(b) analysis. The Court finds that the statement is intrinsic evidence and therefore exempt from a Rule 404(b) analysis. The Court further finds that, even if the statement were subject to Rule 404(b), it would pass muster under that Rule. Accordingly, Jean Carlos Vega-Arizmendi's Objection will be overruled.

## DISCUSSION

"The essential elements of a drug distribution conspiracy under 21 U.S.C. § 846 are: (1) a shared unity of purpose; (2) an intent to achieve a common goal; and (3) an agreement to work together toward the goal." *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) (internal quotation marks omitted). Although the alleged June 2015 occurrence was not charged as a count or overt act in the Second Superseding Indictment, Jean Carlos Vega-Arizmendi's alleged statement directly proves the conspiracy charge in that it shows Jean Carlos Vega-Arizmendi working with at least one charged co-conspirator to bring in a shipment of cocaine by boat into Puerto Rico to achieve the common goal of cocaine distribution.[2] The alleged occurrence also took

---

[1] "To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (citing *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001)).

[2] The Government asserts that when Jean Carlos Vega-Arizmendi made the statement about the June 2015 occurrence following his arrest in June 2016, he stated that, in addition to Jean Cruz, Anibal Vega-Arizmendi and Omy Gutierrez—also charged co-Defendants—were involved in the retrieval of the 75 kilogram load of cocaine. (Dkt. No. 1303 at 3).

place during the period of the conspiracy, January 2014-March 2016. Moreover, the three events in which Jean Carlos Vega-Arizmendi allegedly participated, as set forth in the Second Superseding Indictment, involve similar quantities (multi-kilograms) of the same type of drug (cocaine), with similar means of transportation (boat), where the destination, Culebra, is also consistent with the charged conspiracy—which involves transportation of cocaine by boat to St. Croix for transshipment to Puerto Rico.[3]

Case law supports the conclusion that the proffered evidence at issue is intrinsic. Panels of the Third Circuit have found that, even though a particular drug transaction was not charged in the indictment—and even in an instance when the transaction occurred prior to the period of the alleged conspiracy—it still constituted intrinsic evidence. *See United States v. Fitzgerald,* 496 F. App'x 175, 180 (3d Cir. 2012) (holding that evidence of defendant's prior relationship with his co-conspirators—pre-dating the charged conspiracy—and "his active engagement in the same criminal conduct using the same methods"—coordinating shipments of drugs and money—was

---

[3] Defendant raises a number of arguments: that there is no corroborating evidence that the June 2015 event occurred but, assuming it occurred, there is no evidence establishing who supplied the cocaine; where the cocaine was headed after it arrived on Culebra; whether Defendant was in contact with other Defendants or the confidential source; and what boat was used to retrieve the cocaine. (Dkt. No. 1242 at 2). Defendant argues these points in an effort to show that evidence of the alleged June 2015 occurrence is not "related" to the conspiracy at issue. Then Defendant switches gears and argues that these facts "may lead to a conclusion that the event is related," but the Government cannot prove any of these facts. *Id.* at 1, 2. However, proving the charge of conspiracy is not grounded in the details of who may have supplied the cocaine, where it was headed after it arrived in Puerto Rico, or what boat was used to retrieve the cocaine. Nor is it required for one member of a conspiracy to be in contact with all of the other members or the confidential source. "As the Third Circuit has previously remarked, '[I]t is well established that one conspirator need not know the identities of all his coconspirators, nor be aware of all the details of the conspiracy in order to be found to have agreed to participate in it.'" *United States v. Thompson*, 219 F. Supp. 3d 502, 513 (M.D. Pa. 2016) (quoting *United States v. De Peri*, 778 F.2d 963, 975 (3d Cir. 1985)). The lack of these particular details in Jean Carlos Vega-Arizmendi's statement does not remove the occurrence from the realm of intrinsic evidence. Moreover, the Government does not have to prove any of the facts relating to the June 2015 occurrence or provide corroborating evidence because this statement is the product of Jean Carlos Vega-Arizmendi's own admission and is being offered as such.

intrinsic evidence and supported the jury's conclusion that defendant shared with the conspirators "a unified purpose of conducting a drug distribution conspiracy and an intent to achieve that goal, and that they worked together to reach it."); *United States v. Gagliardi*, 285 F. App'x 11, 16 (3d Cir. 2008) (evidence of a cocaine transaction that was not charged in the indictment but occurred during the period of the conspiracy "did not violate Rule 404(b) because, even though it was not specifically mentioned in the indictment, it was clearly part of the alleged conspiracy [to possess and distribute cocaine] and, therefore, not evidence of a separate, uncharged crime."); *United States v. Jenkins,* 188 F. App'x 94, 95-96 (3d Cir. 2006) (rejecting defendant's argument that trial court erred in ruling that evidence of his uncharged drug involvement before and during the charged conspiracy was admissible, finding those acts intrinsic and directly proving the charged conspiracy); *United States v. Amadioha*, 37 F. App'x 594, 596 (3d Cir. 2002) (finding four other packages of heroin, not included in the charges, were intrinsic evidence of the charged drug conspiracy because the presence of the packages showed that defendants smuggled drugs into the country via packages sent by other persons as part of a conspiracy to import heroin; this evidence was not evidence of "other" crimes; and was not subject to Rule 404(b)); *see also United States v. Northington*, 2013 WL 420296, at *4 (E.D. Pa. Feb. 4, 2013) (noting that "[t]he conduct at issue here was not listed as [an] overt act, but that does not mean it is not intrinsic to the charged conspiracy"). Similarly here, the Court concludes that the proffered evidence is intrinsic and therefore not subject to a Rule 404(b) analysis.

Defendant Jean Carlos Vega-Arizmendi further challenges admission of the evidence on Rule 403 grounds. Under a Rule 403 analysis, the Court must determine whether the evidence should be excluded because its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The Third Circuit has opined that in the case of intrinsic evidence, "[e]ven if the evidence is extremely prejudicial to the defendant, the court would have

no discretion to exclude it because it is proof of the ultimate issue in the case." *United States v. Schneider*, 801 F.3d 186, 201 (3d Cir. 2015) (internal quotation marks omitted). Even assuming that a Rule 403 analysis applies, the Court finds that, while admission of the statement would be prejudicial to Jean Carlos Vega-Arizmendi, the prejudice does not substantially outweigh the probative value because the evidence "is part and parcel" of the charged offense. *Green*, 617 F.3d at 245.[4] Thus, whether Rule 403 applies or not, the statement would not be excluded.

Even if the Court were to find that the Government's proffered evidence was not intrinsic, it would be admissible as Rule 404(b) evidence to prove Jean Carlos Vega-Arizmendi's intent, knowledge, and absence of mistake with regard to the conspiracy charge (Count 1) and the attempted possession charges (Counts 3 and 4). His alleged involvement in the June 2015 occurrence—serving as lookout for a 75-kilogram load of cocaine coming in by boat—would tend

---

[4] Defendant argues that the evidence should be excluded based on the law of the case because his counsel recollects that the Court "previously excluded this evidence at sidebar based on risk of prejudice due under 403." (Dkt. No. 1242 at 2). Counsel had not received a copy of the trial transcript at the time he filed his motion so he could not point the Court to where in the transcript that might be. *Id.* Since receiving a copy of the trial transcript, Defendant pointed the Court to the location in the transcript where this matter was discussed. In Volume 19 (June 12, 2017) at pages 144-145, counsel objected, on Rule 404(b) grounds, to a paragraph in Task Force Officer Rivera's report that contained this information. However, the Government opted not to seek its admission, so the issue was rendered moot. As such, because the Court never made a ruling on this issue, the law of the case doctrine is inapplicable.

In any event, as the Court stated at the status conference held on February 13, 2018 and subsequently, it is not applying the law of the case doctrine to its evidentiary rulings as a general proposition. The majority of circuits that have addressed the issue have determined that the "law of the case" doctrine does not apply with respect to evidentiary rulings from a previous trial. *See, e.g., United States v. Whitfield*, 590 F.3d 325, 360 (5th Cir. 2009) ("As the district court was not bound in any way by its evidentiary rulings in the first trial, we consider the district court's rulings in the second trial on their own merits."); *Menzer v. United States*, 200 F.3d 1000, 1004 (7th Cir. 2000) ("The law of the case doctrine does not bar a trial court from revisiting its own evidentiary rulings."); *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) ("Rigorously applying the law-of-the-case doctrine [with respect to evidentiary rulings] would undercut the broad discretion that traditionally has been accorded a trial court in these matters."); *United States v. Akers*, 702 F.2d 1145, 1148 (D.C. Cir. 1983) (holding that "[n]o doctrine of the law of the case operates" with respect to evidentiary rulings in a new trial because "'the previous trial [is] a nullity,' [and] the court in the new trial tries 'the case as if it were being tried for the first time . . . .'") (quoting *Hobbs v. Akers*, 191 A.2d 238, 239, *cert. denied*, 375 U.S. 914, (1963)).

to prove that his presence in December 2014 among other co-conspirators who were allegedly attempting to use a boat to retrieve cocaine was not a mistake, and that he knew the purpose of their endeavor and willingly participated. Similarly, the proffered evidence would be relevant to Jean Carlos Vega-Arizmendi's knowledge, intent, and lack of mistake in connection with his presence at Chenay Bay in May 2015, where he allegedly brought a gas tank for the Mako boat. In addition, under Rule 403, this evidence is highly probative of the charged crimes and its probative value is not substantially outweighed by unfair prejudice. As the Third Circuit has opined, "Rule 404(b) evidence is especially probative when the charged offense involves a conspiracy. For this reason the Government has broad latitude to use 'other acts' evidence to prove a conspiracy." *United States v. Cross*, 308 F.3d 308, 324 (3d Cir. 2002) (citations omitted). Thus, even if the evidence of the June 2015 occurrence was not intrinsic, it would be admissible under Rule 404(b) as evidence of knowledge, intent, and lack of mistake which would be relevant to the conspiracy and attempted possession charges.

Finally, Jean Carlos Vega-Arizmendi's timeliness argument is meritless, as Rule 404(b) notices need only be given prior to trial. Rule 404(b)(2)(B). The Government's cautionary Rule 404(b) notice was provided almost two months before trial, and thus it is timely.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Jean Carlos Vega-Arizmendi's Objection to the Government's "Cautionary 404(b) Notice" is **OVERRULED**.

**SO ORDERED.**

Date:  May 29, 2018             _____/s/_____
                                WILMA A. LEWIS
                                Chief Judge